**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30375 |
| Plaintiff - Appellee, | D.C. No. 1:12-cr-00008-RFC-1 |
| v. | |
| ARLYN CASTRO, AKA Arlyn J. Old Bear, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Richard F. Cebull, Senior District Judge, Presiding

Submitted October 10, 2013[**]

Portland, Oregon

Before: SILVERMAN, W. FLETCHER, and CALLAHAN, Circuit Judges.

Arlyn Castro, Defendant-Appellant, appeals his jury conviction for abusive

sexual contact, in violation of 18 U.S.C. § 2244(a)(5), for touching the genitalia of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

his then-four-year-old daughter, T.C. During the government's case-in-chief, two doctors were permitted to testify as to their ultimate diagnoses of child sexual abuse. On appeal, Castro argues, *inter alia*, that the district court erred in allowing this testimony. Because defense counsel failed to object at trial to the admission of this testimony, we review for plain error. *United States v. Crawford*, 239 F.3d 1086, 1090 (9th Cir. 2001).

Both parties agree that admission of the doctors' testimony as to their diagnoses of sexual abuse was plain error, and that we should remand for a new trial. We agree. We have previously held that admission of expert testimony that a child victim was credible was reversible error. *United States v. Binder*, 769 F.2d 595, 602 (9th Cir. 1985), *overruled on other grounds by United States v. Morales*, 108 F.3d 1031, 1035 n.1 (9th Cir. 1997) (en banc). Here, the doctors' testimony as to their diagnoses was tantamount to testifying to the victim's credibility. Failure to recognize the inadmissibility of such testimony was a clear error, usurping the jury's factfinding function and seriously affecting the fairness of Castro's trial. *See United States v. Marcus*, 130 S. Ct. 2159, 2164 (2010).

Because we remand for a new trial, we do not reach Castro's remaining issues on appeal.

**REVERSED** and **REMANDED**.